# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRENDA J. HECK,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,<br><br>　　　　　　Defendant. | CASE NO. 2:16-cv-01669 JRC<br><br>ORDER ON PLAINTIFF'S COMPLAINT |

　　　　This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 4). This matter has been fully briefed. *See* Dkt. 12, 13, 14.

　　　　Plaintiff was in a motorcycle accident in 2008. Despite suffering from various impairments and symptoms as a result of this accident, plaintiff nevertheless was able to

maintain full time gainful employment from 2008 through mid-2013. However, plaintiff alleges that her conditions worsened over time, in part based on an additional subsequent motor vehicle accident. The ALJ relied heavily on a finding that the objective evidence did not demonstrate any worsening in plaintiff's limitations. However, when making this finding, the ALJ failed to acknowledge significant probative evidence of a 2013 opinion from a treating physician regarding plaintiff's specific work-related limitations.

Defendant concedes that the ALJ erred by failing to discuss this significant probative evidence, but contends that the error is harmless. Although defendant offers an alternative rationale that the ALJ could have relied on when failing to credit fully this 2013 opinion from the treating physician, the Court is obliged to consider only the actual findings offered by the ALJ. Furthermore, contrary to defendant's argument, the 2013 opinion is not "virtually identical" to the subsequent 2014 opinion addressed by the ALJ. Even if the ALJ would have relied on her findings related to the 2014 opinion, such reliance would not be based on substantial evidence in the record as a whole.

Therefore, the Court concludes that this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further administrative proceedings consistent with this order.

BACKGROUND

Plaintiff, BRENDA J. HECK, was born in 1963 and was 49 years old on the alleged date of disability onset of June 20, 2013. *See* AR. 251-58. Plaintiff has work experience as a secretary. AR. 54-57. Plaintiff's last employment ended when she was unable to perform her job duties. AR. 79.

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disk disease of the lumbar and cervical spine, left upper extremity arthropathy, migraine headaches, pain disorder with both psychological factors and medical conditions, cognitive disorder not otherwise specified (NOS), affective disorder NOS and anxiety disorder NOS (20 CFR 404.1520(c))." AR. 24.

At the time of the hearing, plaintiff was living with her husband in their home. AR. 89-91.

## PROCEDURAL HISTORY

Plaintiff's application for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration. *See* AR. 120, 134. Plaintiff's requested hearing was held before Administrative Law Judge Laura Valente ("the ALJ") on February 17, 2015. *See* AR. 47-119. On May 28, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 18-46.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ properly evaluated the opinions of Carolyn Marquardt, MD; (2) Whether the ALJ properly evaluated the opinions of Kristen Sherman, PhD; (3) Whether the ALJ properly evaluated the opinions of Martha Glisky, PhD, and fully developed the record as to her opinions; (4) Whether the ALJ properly evaluated the opinion of H.L. Rappaport, MD; (5) Whether the ALJ properly evaluated the observations of Asako Konoike, Darlene Jacintho, and Michael Nahum; (6) Whether the ALJ properly evaluated plaintiff's ability

to perform past work; and (7) Whether the ALJ properly assessed plaintiff's credibility. *See* Dkt. 12, p. 1.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Whether the ALJ properly evaluated the medical opinions of treating physician, Dr. Carolyn Marquardt, M.D**.

Plaintiff contends that the ALJ erred when she addressed only a 2014 declaration from treating physician, Dr. Marquardt, which expressly opined regarding plaintiff's self-report, and failed to address the 2013 opinion, which was the physician's own opinion regarding plaintiff's functional limitations. Defendant concedes error, but contends that the error is harmless.

In March, 2013, a few months prior to plaintiff's alleged date of disability onset, plaintiff's treating physician provided an opinion to plaintiff's employer regarding plaintiff's work-related limitations. *See* AR. 775. The physician indicated that she had been treating plaintiff since 2011, and noted plaintiff's "chronic and residual issues from a motorcycle accident from 8/09/2008." *Id*. Dr. Marquardt also noted that plaintiff "was subsequently reinjured by an additional motor vehicle accident on 12/01/2011, which has

significantly exacerbated her pre-existing condition, [] [] [] aggravat[ing] her cervical spine in terms of a cervical strain and aggravation of underlying cervical degenerative changes, increasing aggravation of her lumbar degenerative changes and also resulting in a traumatic brain injury and PTSD that is being followed by Dr. Martha Glisky, Ph.D." *Id*. Dr. Marquardt indicated that she concurred with the recommendations from Dr. Glisky regarding accommodations necessary due to plaintiff's mild traumatic brain injury and PTSD. *Id*.

In this letter, Dr. Marquardt also indicated that plaintiff required "specific accommodations related to her musculoskeletal issues of her neck and back, [which] will be permanent, as she has a permanent aggravation of underlying arthritis." *Id*. Dr. Marquardt also opined that plaintiff requires "optimal ergonomics, including her work site set-up." *Id*.

"A treating physician's medical opinion as to the nature and severity of an individual's impairment must be given controlling weight if that opinion is well-supported and not inconsistent with the other substantial evidence in the case record." *Edlund v. Massanari*, 2001 Cal. Daily Op. Srvc. 6849, 2001 U.S. App. LEXIS 17960 at *14 (9th Cir. 2001) (citing SSR 96-2p, 1996 SSR LEXIS 9); *see also Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996). When the decision is unfavorable, it must "contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the [] opinion and the reasons for that weight." SSR 96-2p, 1996 SSR LEXIS 9 at *11-*12. Furthermore, even when an

opinion from a treating doctor is contradicted by other medical opinions, the opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citations omitted).

The ALJ failed to take note of or discuss this particular opinion from plaintiff's treating physician. Defendant acknowledges the error, but argues that the error is harmless because this 2013 letter is "virtually identical in limitations" to the 2014 declaration from Dr. Marquardt that the ALJ did discuss. *See* Dkt. 13, p. 12. However, the ALJ offered no such finding regarding the identical nature of the two opinions, and, according to the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (citing *Chenery Corp, supra*, 332 U.S. at 196). Furthermore, the Court concludes that any such finding would not be based on substantial evidence in the record as a whole. As noted by plaintiff, the 2014 "declaration does not discuss [plaintiff's] need for ergonomic accommodations." Dkt. 12, p. 5 (citing AR. 816-17). Furthermore, also as noted by plaintiff, "the declaration does not reference the accommodations recommended by Dr. Glisky, which Dr. Marquardt endorsed." *Id*. (citing AR. 775, 816-17).

In addition, the rationale relied on by the ALJ for her failure to credit fully the 2014 declaration from Dr. Marquardt is not necessarily applicable to Dr. Marquardt's 2013 opinion; therefore, it is unclear how the ALJ would have assessed the 2013 opinion. In her written decision, the ALJ indicates that she failed to credit fully the 2014 declaration from Dr. Marquardt in part on the basis that it "was expressly based solely on the claimant's subjective reporting of pain symptoms." AR. 34 (citation omitted). While it is true that the 2014 declaration indicates an opinion regarding the supportability of plaintiff's subjective reporting of pain symptoms, in contrast, there is no indication that the 2013 letter is in regards to plaintiff's subjective reporting as opposed to being an indication of Dr. Marquardt's own opinion. *See* AR. 775, 816-17.

The Court concludes that defendant's argument that the 2013 opinion from Dr. Marquardt is "virtually identical" to the 2014 declaration from Dr. Marquardt is not persuasive. The Court also concludes that the rationale relied on in part by the ALJ for the failure to credit fully Dr. Marquardt's 2014 declaration is not applicable to Dr. Marquardt's 2013 letter. Therefore, for the reasons stated and based on the record as a whole, the Court agrees with defendant's implicit concession that the ALJ erred when failing to discuss the 2013 opinion from Dr. Marquardt. As this 2013 opinion contains significant work-related limitations, it is significant probative evidence that the ALJ erred in failing to discuss. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)) (the "ALJ's written decision must state reasons for disregarding significant probative evidence").

The Court also concludes that the error is not harmless. The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, Dr. Marquardt provided specific opinions in the 2013 letter regarding plaintiff's functional limitations, including the need for an optimal ergonomic work set up. This limitation is not included in the ALJ's finding regarding plaintiff's residual functional capacity ("RFC"), on which the ALJ relied when concluding that plaintiff is not disabled. The record does not reflect whether accommodating this need for an optimal ergonomic work set up would affect the jobs she could perform or would render plaintiff disabled. Therefore, the Court cannot conclude with confidence "'that no reasonable ALJ,

when fully crediting the [2013 opinion], could have reached a different disability determination.'" *Marsh*, 792 F.3d at 1173. Furthermore, the ALJ did not address the opinion from Dr. Marquardt regarding agreement with the limitations opined from Dr. Glisky. It is unclear what effect this corroboration would have on the ALJ's assessment of Dr. Gisky's opinion.

Because the error is not harmless, this matter must be reversed and remanded for further administrative consideration. The Court agrees with plaintiff's request for a *de novo* hearing on her claim, and agrees that the ALJ should evaluate this 2013 opinion from plaintiff's treating physician in the first instance.

**(2)  Whether the ALJ properly evaluated the opinions of Kristen Sherman, Ph.D.; the opinions of Martha Glisky, Ph.D.; the opinion of H.L. Rappaport, M.D.; and, the observations of Asako Konoike, Darlene Jacintho, and Michael Nahum.**

The Court already has concluded that the ALJ erred when evaluating aspects of the medical evidence and that this matter should be reversed and remanded for further administrative proceedings, *see supra*, section 1. For this reason and based on the record as a whole, Court concludes that the ALJ should evaluate anew all the medical evidence and the lay evidence following remand of this matter.

**(3)  Whether the ALJ properly evaluated plaintiff's ability to perform past work; and, whether the ALJ properly assessed plaintiff's credibility.**

Similarly, as a necessity, plaintiff's ability to perform past work needs to be evaluated anew following remand of this matter. As the evaluation of a claimant's statements regarding limitations relies in part on the assessment of the medical evidence,

plaintiff's testimony and statements also should be assessed anew following remand of this matter. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4.

CONCLUSION

The ALJ erred by failing to discuss in the first instance significant probative evidence from a treating physician regarding plaintiff's functional limitations.

Based on this reason, the stated rationale and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 3rd day of August, 2017.

_____
J. Richard Creatura
United States Magistrate Judge